**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| MARY CRAWFORD | CIVIL ACTION |
| VERSUS | |
| WAL-MART STORES, INC. AND<br>JAMES DOE | NO. 10-805-M2<br>CONSENT CASE |

**RULING & ORDER**

This matter is before the Court on the Motion to Dismiss (R. Doc. 2) filed by defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff, Mary Crawford ("Crawford"), filed an opposition to this motion (R. Doc. 6), in response to which Wal-Mart filed a reply memorandum. (R. Doc. 9).

**FACTS & PROCEDURAL BACKGROUND**

Crawford filed this suit in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, on November 3, 2010. In the petition, she alleges that, on or about August 15, 2010, she was a patron at the Wal-Mart store located at 28270 Walker Road South, Walker, Louisiana 70785, when a Wal-Mart employee came up behind her while she was standing in the parking lot and hit her, stating that he believed Crawford to be someone else and that he was attempting to scare that person. Crawford alleges that the Wal-Mart employee was "in the course and scope of his employment" with Wal-Mart at the time of the incident and that Wal-Mart is therefore responsible for the injuries she sustained under the doctrine of respondeat superior/vicarious liability. Crawford also alleges that Wal-Mart was directly negligent for the conduct of its employee in failing to properly supervise him and in failing to provide a reasonably safe shopping environment. She contends that, as

1

a result of the incident, she sustained damages, including but not limited to, injuries to her back and neck.

Wal-Mart removed the suit to this Court on December 2, 2010, on the basis of diversity jurisdiction. Wal-Mart then filed the present motion to dismiss on December 17, 2010. In the motion, Wal-Mart contends that this suit should be dismissed because Crawford has failed to state a claim for which relief can be granted under the doctrine of respondeat superior since the petition offers only a conclusory allegation that Wal-Mart's employee was in the course and scope of employment at the time of the alleged battery. The parties consented to the jurisdiction of a Magistrate Judge on June 29, 2011, and as a result, Wal-Mart's motion to dismiss is now before the undersigned for consideration and a ruling.

## **LAW & ANALYSIS**

As a preliminary matter, the Court notes that, although Wal-Mart requests dismissal of Crawford's entire suit in its present motion, Wal-Mart has addressed only one of Crawford's claims in its motion, *i.e.*, her vicarious liability claim. Wal-Mart did not address Crawford's claims of direct negligence on the part of Wal-Mart. As such, in the event Wal-Mart's motion is granted, it will result in a partial dismissal of Crawford's claims, and these proceedings will continue as to her direct negligence claims.

To avoid dismissal of a claim pursuant to a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *In re the Complaint of Great Lakes Dredge & Dock Co., LLC*, 2010 WL 4013336, at *5, quoting *Ashcroft v. Iqbal*, – U.S.–, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To be plausible, the complaint's "[f]actual allegations must be enough to raise a

right to relief above the speculative level." *Id.*, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In deciding whether the complaint states a valid claim for relief, the court is to accept all well-pleaded facts as true and to construe the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, at *5, citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The court is not to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*, quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).[1]

Additionally, under Louisiana law, an employer's vicarious liability for conduct not its own extends only to its employee's tortious conduct that occurs within the course and scope of employment. Generally speaking, an employee's conduct is within the course and scope of employment if the conduct is of the kind that the employee is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. *See, Kelley v. Dyson*, 10-61 (La.App. 5 Cir. 5/25/10), 40 So.3d 1100, 1105, citing *LeBrane v. Lewis*, 292 So.2d 216, 218 (La. 1974). The factors to be considered in determining whether an employer may be liable for an intentional tort of an employee are whether: (1) the tortious act was primarily employment-rooted, (2) reasonably incidental to the performance of the employee's duties, (3) occurred on the employer's premises, and (4) occurred during the hours of employment. *Id.* Although all four of the above factors need not necessarily be satisfied in a particular

---

[1] While Crawford is correct that the federal standard of notice pleading applies to her petition, such standard was modified slightly by the U.S. Supreme Court's decisions in *Iqbal* and *Twombly*. Notice pleading applies so long as the plaintiff alleges facts sufficient to meet the new "plausibility" standard applied in those cases. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bausch v. Stryker Corp.*, 630 F.3d 546 (7th Cir. 2010), quoting *Iqbal*, at 1949 and *Twombly*, at 556.

case,[2] the determinative question is whether the tortious conduct of the employee was "so closely connected in time, place, and causation to [the employee's] employment-duties, as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest." *Id.* A finding of scope of employment hinges on the predominant motive of the tortfeasing employee - whether the purpose of serving the employer's business actuated the employee to any appreciable extent. *Johnson v. Littleton*, 45,323 (La.App. 2 Cir. 2010), 37 So.3d 542.

In the present case, although the facts alleged in the petition indicate that the battery in question occurred on the subject Wal-Mart store premises during working hours, the allegations do not indicate that the battery was, in any way, employment-rooted or incidental to the Wal-Mart employee's duties. The petition simply alleges that the Wal-Mart employee hit Crawford in an attempt to scare her, believing her to be someone else. Such playful behavior was not the type of conduct that the Wal-Mart employee was employed to perform and appears, based upon plaintiff's own allegations, to have been motivated by a purely personal consideration (*i.e.*, to scare an individual with whom the employee had a personal relationship), rather than to any type of interest on Wal-Mart's part.[3] Thus, the

---

[2] *See, Miller v. Keating*, 349 So.2d 265 (La. 1977).

[3] *Contrast, Campbell v. Mouton*, 412 So.2d 191 (La. App. 3d Cir. 1982)(where a bartender injured a patron with a knife during a bar brawl, and the employer argued that the bartender had no employment duty to act as a bouncer for the bar. The court held that the plaintiff had a cause of action under the doctrine of vicarious liability because the bartender could have been acting within the course and scope of his employment since "[i]t is not unusual for a bartender to be charged with the responsibility of maintaining order in the bar as part of his duties"). Unlike *Campbell*, there is no allegation, nor could a plausible one be asserted, that the employee's act in the present case of hitting the plaintiff as a scare tactic could be considered part of his duties as a Wal-Mart employee.

*See also, Wattik v. Lewis Grocer Co.*, 476 So.2d 444 (La. App. 2d Cir. 1985)(holding that an employer was vicariously liable for the tortious act of a grocery store employee who assaulted the occupants of a vehicle who were waiting in the firelane to pick up a customer in the store since such assault was incidental to the performance of the

facts alleged in the petition do not indicate that the Wal-Mart employee was acting in the course and scope of his employment when the incident in question occurred, and, as a result, such allegations do not plausibly suggest a cause of action against Wal-Mart under the doctrines of respondeat superior or vicarious liability.[4] Crawford's conclusory allegations and legal conclusions in the petition to the contrary are insufficient to sustain her vicarious liability claim under the Rule 12(b)(6) standards discussed above.[5] [6]

---

employee's duties of sweeping or blowing off the sidewalk and in requesting that the occupants move the vehicle out of the firelane, in that the altercation would never have occurred but for the employee's performance of his employment duties). By contrast, in the present case, the Wal-Mart employee's action in hitting Crawford is not alleged to have been incidental to any specific duty he was performing on Wal-Mart's behalf at the time the battery occurred.

[4] Put another way, Crawford's vicarious liability claim does not have facial plausibility because the facts alleged do not allow the Court to draw a reasonable inference that Wal-Mart is liable for the misconduct alleged. Since there is no allegation that the employee's action was incidental to or motivated in any way by his employment duties with Wal-Mart, the court cannot conclude that Wal-Mart should be held vicariously responsible for such conduct.

[5] *See, Johnson,* at 547 (holding that a fast food restaurant employee was not within the course and scope of employment when she threw a cup of hot grease on a patron because such action was motivated by purely personal considerations, entirely extraneous to the employer's interests, since the employee and patron had an acrimonious relationship, and the two were engaged in a purely personal conversation, that ultimately soured, resulting in the attack. The court noted that the physical attack "in no way furthered the objectives of business" at the fast food restaurant). Similarly, in the present case, the Wal-Mart employee's decision to hit the plaintiff was motivated by the purely personal objective to scare another individual and in no way furthered the objectives of Wal-Mart's business.

[6] Although Crawford cites *Jackson v. Frisard*, 96-0547 (La. App. 1 Cir. 12/20/96), 685 So.2d 622, in support of her position, that case is distinguishable from the present matter. In *Jackson*, one state trooper struck and injured another state trooper during an annual mandatory defensive tactics training session. The blow administered to the injured trooper was of the type for which the troopers were being trained, and similar incidents of horseplay among the troopers had occurred during previous seminars. The court found that the misconduct was so closely connected in time, place, and causation to the trooper's employment duties as to be regarded as a risk of harm fairly attributable to the employer's business and that whether the employer received a benefit from the employee's conduct was not a decisive factor in the analysis. The trooper's conduct in striking his fellow employee was therefore deemed to be within the course and scope of his employment, thereby resulting in the State being held vicariously liable to the injured employee for the injuries caused by the battery.

The present matter is distinguishable from *Jackson* because, at the time of the incident in question in this matter, the Wal-Mart employee was not engaged in any type of work duties or training that involved the use of force or defensive tactics. Even if the trooper in *Jackson* may have been involved in horseplay in the sense that he was engaging in or practicing one of the defensive tactics at a time when he was not precisely called upon to do so, he was nevertheless in the midst of a training seminar for that defensive maneuver at the time of the incident and therefore was acting, at least in part, in furtherance of an interest of his employer. That is, in no way, the case relative to the Wal-Mart employee's behavior in the present case. The employee's horseplay in hitting a customer of the store with a stated motive of trying to scare that customer, under the belief that she was someone else, simply cannot be plausibly construed as an act in furtherance of any objective of Wal-Mart. Furthermore, Crawford has not alleged that such act was in any way related to the employee's duties for Wal-mart. Accordingly, *Jackson* lends no support to Crawford's position.

Finally, although it is within the Court's discretion as to whether or not to allow Crawford to amend her petition to allege additional facts in support of her vicarious liability claim prior to dismissal of that claim, amendment of the petition is not required prior to dismissal where amending the petition would be a futile act, which the Court finds to be the case in the present matter.[7] Crawford has not offered any additional facts to suggest that, if she was granted leave to amend the petition, she would be able to overcome the failures in her current petition and state a claim against Wal-Mart for vicarious liability.[8] Wal-Mart's present motion should therefore be granted, and Crawford's vicarious liability claim should

---

[7] *Brockman v. Texas Dept. of Criminal Justice*, 2010 WL 3926860 (5th Cir. 2010)(refusing to allow amendment of complaint is not an abuse of discretion when the proposed amendment would be futile); *Kelley*, at 1106 (refusing to allow amendment of the petition to allege additional facts concerning whether an intentional tort was performed by an employee in the course and scope of his employment because the court found that such amendment would be futile since the incident was not employment-rooted or incidental to the employee's performance of his job duties).

[8] *See, American Corporate Soc. v. Valley Forge Ins. Co.*, 2011 WL 1490284 (3rd Cir. 2011)(granting plaintiff leave to amend the complaint was deemed futile because the plaintiff had presented no additional facts that would have established a basis on which he could assert a claim for relief); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008)(concluding that amendment would be futile where plaintiffs failed to state what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts); *Fallay v. San Francisco City and County*, 2010 WL 2560445 (N.D.Cal. 2010)(holding that providing the plaintiff with leave to amend would prove futile because the plaintiff failed to identify any additional facts that would, if included in an amended complaint, render those claims timely); *Lim v. City & County of San Francisco*, 2010 WL 1838834 (N.D.Cal. 2010)(Because the plaintiff did not offer any additional facts that she could include in an amended complaint, the court found that providing leave to amend would be futile); *Philips Electronics North America Corp. v. BC Technical, Inc.*, 2009 WL 2381333 (D.Utah 2009)(denying motion for leave to amend where counterclaimant did not provide additional facts overcoming the failures in the original counterclaim); *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314 (3rd Cir. 20020(denying shareholders' request for leave to amend was not an abuse of discretion, where any amendment of the complaint would have been futile, given the dismissal of several claims as time-barred, and the shareholders' failure to identify additional facts that would have cured other pleading deficiencies); *Zabit v. Ferretti Group, USA*, 2006 WL 3020855 (N.D.Cal. 2006)(plaintiff did not set forth additional facts against the defendant on the dismissed claims, and the court concluded that granting leave to the plaintiff to amend those claims would therefore be futile); *Locke v. SunTrust Bank*, 2006 WL 923763 (M.D.Fla. 2006)(same).

be dismissed with prejudice.[9] As discussed above, the case shall continue relative to Crawford's remaining direct negligence claims against Wal-Mart.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss (R. Doc. 2) filed by defendant, Wal-Mart Stores, Inc., is **GRANTED** and that plaintiff's vicarious liability claim against Wal-Mart Stores, Inc. is hereby **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, July 26, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[9] Contrary to Crawford's contention in her opposition that the "course and scope of employment" inquiry should not be decided via a motion to dismiss (but instead should be decided through a motion for summary judgment after discovery has been conducted), motions to dismiss can be used to dispose of vicarious liability claims under circumstances where plaintiffs have not sufficiently alleged a set of facts suggesting a plausible claim in that regard, as is the case herein. *See, Kelley*, at 1106 (dismissing vicarious liability claim against employer for failure to state a claim where allegations did not indicate that an assault was employment-rooted or incidental to the performance of the employee's duties); *Taylor v. Shoney's, Inc.*, 98-810 (La. App. 5 Cir. 1999), 726 So.2d 519 (granting a motion to dismiss and holding that the allegation that a manager sold a handgun to a minor employee while on the business premises during working hours was insufficient to state a claim that the employer was vicariously liable for the employee's killing of a coemployee during an armed robbery with the aforesaid handgun. The court noted that, although the sale of the gun was alleged to have occurred on the business premises during working hours, it could not be said that the sale of the gun was either primarily employment-rooted or reasonably incidental to the performance of the manager's work duties for Shoney's. Despite an allegation that the manager may have kept the gun on the premises for the safety of Shoney's customers, the court found such allegation irrelevant to the ultimate misconduct, *i.e.*, the illegal transfer of the weapon and the murder. The court found that the selling of a handgun to a juvenile employee could not reasonably be found to be in furtherance of any objectives of Shoney's and that the entire incident was well outside the business of operating a restaurant and was clearly motivated by purely personal considerations); *Pearson v. International House of Pancakes, Inc.*, 2010 WL 2696893 (E.D.La. 2010)(granting a Rule 12(c) motion for judgment on the pleadings, to which the same standard of review is applied as a Rule 12(b)(6) motion to dismiss, relative to the plaintiff's vicarious liability claim against IHOP, finding that the allegations in the complaint failed to state a cause of action against the employer under vicarious liability); *Pearson v. IHOP*, 2010 WL 971798 (E.D.La. 2010)(same).

7